**Fulton Terrace Ltd. Partnership v. Riley**

*Michael W. Chorazy,* for plaintiff.
*Jonathan D. Fenton,* for defendants.

WALKER, J., March 30, 1989 — Plaintiff, Fulton Terrace Ltd. Partnership, owns and operates Fulton Terrace Apartments, an apartment complex financed and regulated by the Farmers Home Administration, U.S. Department of Agriculture. Defendants, Benette Riley and Walter Jefferson, are tenants of Apartment A-22 of Fulton Terrace Apartments in McConnellsburg, Pennsylvania. On December 30, 1987, defendants signed a one-year lease with Fulton Terrace which commenced on February 1, 1988.

On May 11, 1988, plaintiff personally served a notice to quit on defendants. The notice alleged that defendants were in non-compliance with terms and conditions of the lease. It directed defendants to surrender their apartment within 30 days from the date of service thereof.

On July 5, 1988, plaintiff filed a landlord and tenant complaint with District Justice Betty M. Keebaugh. The complaint alleged that a forfeiture of defendants' apartment had occurred because defendants had breached the conditions of the lease.

District Justice Keebaugh scheduled a hearing on plaintiff's complaint for August 1, 1988. After the hearing, District Justice Keebaugh rendered judgment in favor of plaintiff. On August 15, 1988, defendants filed a notice of appeal and supersedeas with this court. Plaintiff thereafter filed a complaint with the court seeking eviction of defendants from their apartment for material non-compliance with the lease.

Defendants filed a preliminary objection to plaintiff's complaint in the nature of a petition to dismiss for lack of jurisdiction. Plaintiff filed a reply to defendants' preliminary objection and the matter was listed for argument court. Both parties having argued their respective positions before the court on December 27, 1988, the above matter is now ripe for disposition.

Defendants' petition to dismiss raises the following questions:

(1) Whether plaintiff's complaint should be dismissed because the notice to quit directed defendants to surrender within 30 days of date of service rather than three months;

(2) Whether plaintiff's complaint should be dismissed because plaintiff failed to give written notice of proposed termination to defendants stating the grounds for the proposed eviction and advising defendants that they have 10 days in which to respond to the proposed eviction:

(3) Whether plaintiff's complaint should be dismissed because plaintiff failed to serve defendants with a second notice to quit by first class mail; and

(4) Whether plaintiff's complaint should be dismissed because the district justice hearing was held 27 days after the landlord and tenant complaint had been filed.

Prior to bringing an action for possession before a district justice, a landlord is required to serve a notice to quit the premises on the tenant in accordance with section 250.501 of the Landlord and Tenant Act.[1] Section 250.501 provides in pertinent part:

"A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to

---

1. 68 P.S. §250.101 et seq.

remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

"In case of the expiration of a term or of a forfeiture for breach of the conditions of the lease where the lease is for any term of less than one year or for an indeterminate time, the notice shall specify that the tenant shall remove within 30 days from the date of service thereof, *and when the lease is for one year or more, then within three months from the date of service thereof* . . .

"The notice above provided for may be for a lesser time or may be waived by the tenant if the lease so provides.

"The notice provided for in this section may be served personally on the tenant, or by leaving the same at the principal building upon the premises, or by posting the same conspicuously on the leased premises." (emphasis supplied)

In the case at bar, plaintiff personally served defendants with a notice to quit the premises on May 11, 1988. The notice directed defendants to surrender their apartment within 30 days of service. Defendants contend that the notice to quit was inadequate because it failed to give them 90 days' or three months' notice as required by section 250.501. The court agrees with defendants.

The record indicates that plaintiff sought to remove defendants from the premises for breach of the conditions of the lease. It also shows that the lease in question was for a definite term of one year. In addition, the lease failed to contain any provisions which waived or modified the notice requirements

of section 250.501.[2] Based on a strict interpretation of section 250.501, plaintiff was required to give defendants three months' notice, rather than 30 days' notice, before filing its complaint in the district justice's office.

Plaintiff nevertheless argues that defendants received more than three months' notice to quit. It relies on Pa.R.C.P.D.J. 1007 which provides:

"A. The proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.

"B. The action upon appeal shall not be limited with respect to amount in controversy, joinder of causes of action or parties, counterclaims, added or changed averments or otherwise because of the particulars of the action before the district justice."

Plaintiff also refers to the note following rule 1007 which states that:

"[T]he court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the district justice . . . "

Plaintiff contends that, under rule 1007, the instant action was actually commenced on September 3, 1988 when it filed its complaint in the court of common pleas and not on July 5, 1988 when it filed its complaint in District Justice Keebaugh's office. Plaintiff thus submits that defendants had more than three months' notice to quit from the date of service thereof until the commencement of this action. In essence, plaintiff argues that the court should completely disregard the proceedings before the district justice regardless of whether or not any jurisdictional defects existed at that level.

2. In fact, paragraph 2(h) of the lease provided that "[t]he owner shall not terminate the residency of the tenant unless the owner complies with the requirements of local law . . . "

The court does not believe that rule 1007 can be interpreted as broadly as plaintiff wants it to be. The purpose of rule 1007 is to permit the parties to start anew procedurally at the court of common pleas level. Upon appeal, either party may, inter alia, modify the amount in controversy, add new causes of action or parties, and bring counterclaims. The court of common pleas cannot, however, exercise jurisdiction over an appeal if the district justice did not have proper jurisdiction when she rendered judgment.

The available case law on this subject provides that the notice to quit required by section 250.501 is jurisdictional and in the absence of strict compliance with the provisions of the above section, the district justice would not have authority to enter judgment for the landlord. *Pakyz v. Weiser,* 15 Adams Leg. J. 196 (1974); *Patrycia Brothers Inc. v. McKeefrey,* 38 D.&C. 2d 149 (1966). Since plaintiff failed to give defendants three months' notice to quit pursuant to section 250.501, District Justice Keebaugh did not have proper jurisdiction to hear the matter and render judgment for plaintiff. Accordingly, the judgment rendered by District Justice Keebaugh was defective and must be reversed. Since the court cannot assume jurisdiction from a defective judgment at the district justice level, defendants' petition to dismiss is granted.

Having dismissed the action for lack of jurisdiction, the court need not consider issues 2, 3, and 4.

## ORDER OF COURT

Now, March 30, 1989, it is ordered that the judgment of District Justice Betty M. Keebaugh entered on August 1, 1988, in the above-captioned matter, is hereby reversed. Defendants' petition to dismiss for lack of jurisdiction is granted, and plaintiff's complaint is dismissed.